# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| CEDRIC JERMAINE MANIOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV417-185 |
| | ) | |
| CORRECT HEALTH and | ) | |
| CHATHAM COUNTY DETENTION | ) | |
| CENTER, | ) | |
| | ) | |
| Defendants. | ) | |

FILED
Scott L. Poff, Clerk
United States District Court

By James Burrell at 10:39 am, Mar 06, 2018

## REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, Cedric Jermaine Manior brings this 42 U.S.C. § 1983 action against Correct Health and Chatham County Detention Center. The Court now screens his Complaint under 28 U.S.C. § 1915A.[1]

---

[1] Congress enacted the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, to establish procedures to govern civil complaints filed in federal court by prisoners and other detainees. Among the PLRA's procedures is the requirement for this Court to conduct an early screening in all civil cases of any complaint in which a prisoner seeks redress from a government entity or official. *See* 28 U.S.C. § 1915A. The purpose of the early screening is to "identify cognizable claims" in the prisoner's complaint and to dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. *Id*. Therefore, the Court examines plaintiff's Complaint to determine whether he has stated a claim for relief under 42 U.S.C. § 1983.

I.  **BACKGROUND**[2]

Cedric Manior is detained at Chatham County Detention Center and contends that, despite requesting and filing grievances to ensure that "further medical treatment" be provided for his back, eyesight, and memory, he has been ignored. Doc. 1 at 3. On February 24, 2017, the medical team was summoned to his cell to check his vitals and he was placed "under monitoring." *Id*. at 5. "Nurse Copper" told him he'd suffered from a "pin stroke" and altered his diet accordingly. *Id*. His eyesight and memory have deteriorated noticeably since the incident, and he has continued to experience headaches, poor eyesight, and has blacked out at least once. *Id*. Instead of getting the "outside treatment" he "was looking forward to . . . from [the Hospital]," including an "EMG," he was only placed on high blood pressure medication. *Id*. at 3. He believes the treatment provided was inadequate to address his actual medical needs, and seeks $85,000 to provide for his future medical care upon release from his sentence. *Id*. at 6.

---

[2] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the complaint are taken as true and construed in the light most favorable to the plaintiff, *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

## II.   ANALYSIS

Liberally construed, plaintiff sets forth a claim for denial of medical care in violation of the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (the Constitution imposes a duty upon prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care."). "[N]ot every claim by a prisoner that he has not received adequate medical treatment," however "states a violation of the Eighth Amendment." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (quotes and cite omitted). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prisoner must show that: (1) he had a serious medical need; (2) defendants were deliberately indifference to that need; and (3) some injury was caused by defendants' indifference. *Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007).

Assuming that plaintiff's stroke was an objectively serious medical need,[3] defendants did not show deliberate indifference to that need.

---

[3]   The standard for proving a "serious medical need" is quite exacting. The Court of Appeals defines it as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the

Such a showing requires: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." *Youmans*, 626 F.3d at 564 (quote omitted and alteration adopted). Here, medical care was provided both at the time of the stroke (medical staff responded, provided triage care, and put him under observation) and since (Manior has been put on high blood pressure medication and placed on an appropriate diet to mitigate risk of further incident). Doc. 1 at 5.

At most, Manior alleges that staff was negligent in its provision of medical care. And the Constitution requires more than mere negligence to rise to an Eighth Amendment violation. *See Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011) ("Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all."). He disagrees with the type of care provided (he wants to go to the hospital for an EMG), but mere disagreement does not rise to a constitutional violation. *Melton v.*

---

necessity for a doctor's attention." *Youmans v. Gagnon*, 626 F.3d 557, 564 (11th Cir. 2010), quoted in *Mitchell v. McKeithen*, 672 F. App'x 900, 903 (11th Cir. 2016) (assuming that a stroke rises to the level of a serious medical need).

4

*Abston*, 841 F.3d 1207, 1224 (11th Cir. 2016) (when a claim turns on the quality of treatment provided, "a simple difference in medical opinion between the prison's medical staff and the inmate as to [his] diagnosis or course of treatment does not support a claim of deliberate indifference.") (quote and cite omitted); *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) (deliberate indifference is not established when an inmate receives medical care, but "may have desired different modes of treatment."). In other words, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 104.

Though a *pro se* prisoner normally should be given an opportunity to amend his complaint at least once, *see, e.g., Johnson v. Boyd*, 568 F. App'x 719, 724 (11th Cir. 2014); *Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010), "a district court need not allow amendment if the amended complaint would still be subject to dismissal." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). Plaintiff's medical negligence claim is dead on arrival, and it does not appear amendable.[4]

---

[4] Despite the lack of any apparent basis for viable amendment, Manior's opportunity to object to this Report and Recommendation within 14 days of service, see *infra*, affords him an opportunity to resuscitate his case. He may also submit an Amended

## III.  CONCLUSION

Accordingly, Cedric Jermaine Manor's Complaint should be **DISMISSED without prejudice**.  Meanwhile, it is time for Manor to pay his filing fee.  His PLRA paperwork reflects an average monthly balance of $ -21.70 and average monthly deposits of $29.42.  Doc. 9.  He therefore owes an initial partial filing fee of $0.  *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula).  Plaintiff's custodian (or designee) shall therefore set aside and remit 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this Report and Recommendation (R&R) to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required.  In the event he is transferred to another institution, his present custodian shall forward a

---

Complaint during that period, if he believes it would cure the legal defects discussed above.  *See Willis v. Darden*, 2012 WL 170163 at * 2 n.3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503 at * 1 (W.D. Mich. Jan. 19, 2011)).

6

copy of this R&R and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this   6th   day of March, 2018.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA